# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ISSAC DICKERSON** : | |
|         Petitioner, : | |
| : | |
| v. : | CIVIL ACTION NO. 15-6064 |
| : | |
| **KEVIN KAUFFMAN,** *et al.* : | |
|         Respondents. : | |

## ORDER

**AND NOW,** this 17th day of April 2017, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

2. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

3. There is no probable cause to issue a certificate of appealability[2]; and

4. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

                                                  **BY THE COURT:**

                                                  /s/Cynthia M. Rufe

                                                  **CYNTHIA M. RUFE, J.**

---

[1] As set forth in the thorough Report and Recommendation, although Petitioner's claims are not procedurally defaulted, they are without merit. Petitioner failed to establish that he suffered prejudice from counsel's failure to request certain jury instructions in light of the jury charge as a whole and the substantial evidence of guilt; the claim of ineffective PCRA counsel is not cognizable; appellate counsel was not ineffective for failing to raise the issue of trial counsel's alleged ineffectiveness on direct appeal; and Petitioner failed to raise a *prima facie* claim that his venire panel did not reflect a fair cross section of the community.

[2] There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).